In the Matter of the Application of EDDIE MELIS, Petitioner, for an Order against DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK and Others, Respondents.

Supreme Court, Special Term, Bronx County, January 24, 1940.

*Samuel D. Reidel* for the petitioner.

*William C. Chanler, Corporation Counsel*, for the respondents.

HAMMER, J. This application for a mandamus order is denied. It seems that the specific provisions of law requiring the Domestic Relations Court or its clerk to transmit to the commissioner of health notice of determination of parentage have to do with proceedings where the determination of parentage is favorable to the child, as, for example, where an order of filiation is made. (Dom. Rel. Law, § 127.) It does not appear that an adverse finding of nonparentage incidental to a proceeding to compel support is a determination coming within the purview of section 254 of the Judiciary Law. If the foregoing is correct, neither the court nor its clerk was required by law to furnish the certificate or to transmit the notice, and they may not be required to do so by mandamus.